People v North (2022 NY Slip Op 51364(U))

[*1]

People v North (David)

2022 NY Slip Op 51364(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-780 S CR

The People of the State of New
York, Appellant,
against
David A. North, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Lavallee Law Office, PLLC (Keith A. Lavallee of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (W. Alexander Melbardis, J.H.O.), dated
November 17, 2021. The order granted defendant's motion to vacate three judgments
convicting him, upon his pleas of guilty, of failing to obey a traffic control device,
driving across hazard markings and turning without signaling, respectively.

ORDERED that the order is reversed, on the law, defendant's motion to vacate the
three judgments convicting him of failing to obey a traffic control device, driving across
hazard markings and turning without signaling, respectively, is denied, and the
judgments of conviction are reinstated.
Defendant was charged in three simplified traffic informations with failing to obey a
traffic control device (Vehicle and Traffic Law § 1110 [a]), driving across hazard
markings (Vehicle and Traffic Law § 1128 [d]), and turning without signaling
(Vehicle and Traffic Law § 1163 [a]), respectively, and, pursuant to Vehicle and
Traffic Law § 1805, pleaded guilty to the charges by signing "Section A" contained
on the back of each of the three uniform traffic tickets and mailing those tickets to the
District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency
(SCTPVA). The SCTPVA accepted the guilty pleas and sentenced defendant. Thereafter,
defendant moved to vacate the three judgments of conviction, pursuant to [*2]CPL 440.10, contending that his constitutional right to
counsel was violated and that the ticketing officer had incorrectly told him that pleading
guilty to the charges would not result in any points being assessed to his driver's license.
The People opposed the motion and, in an order dated November 17, 2021, the SCTPVA
granted defendant's motion, vacated the judgments of conviction, reinstated the
simplified traffic informations, and restored the matters to their "pre-adjudication status."
The People appeal. 
Insofar as is relevant to the issues on appeal, Vehicle and Traffic Law § 1805
provides the following:
"The provisions of section 170.10 of the criminal procedure law and the
provisions of section eighteen hundred seven of this article may be waived, to the extent
hereinafter indicated, by a defendant charged with . . . a traffic infraction . . . provided
that he shall submit to the local criminal court having jurisdiction . . . by first class mail
or by registered or certified mail, return receipt requested, an application setting forth (a)
the nature of the charge, (b) the information or instructions required by section eighteen
hundred seven of this article to be given defendant upon arraignment, (c) that defendant
waives arraignment in open court and the aid of counsel [and] (d) that he pleads guilty to
the offense as charged . . ."
Thus, pursuant to Vehicle and Traffic Law § 1805, a defendant's personal
appearance at an arraignment is waived upon a guilty plea by mail, as are certain rights
associated with an arraignment, such as the rights to the aid of counsel (see CPL
170.10 [3]), to be advised of the right to counsel (see CPL 170.10 [4] [a]), and to
be informed that a guilty plea to a traffic infraction could render the defendant's driver's
license subject to suspension and revocation (see CPL 170.10 [4] [b]; Vehicle
and Traffic Law § 1807 [1]). Here, the record demonstrates that defendant pleaded
guilty by signing and mailing to the SCTPVA uniform traffic tickets in conformance
with Vehicle and Traffic Law § 1805, 15 NYCRR 91.7 ("Form of a unified traffic
ticket") and 15 NYCRR 92.1 ("form of waiver" under Vehicle and Traffic Law §
1805). Consequently, the three judgments of conviction should not have been vacated as
defendant failed to demonstrate any ground constituting a legal basis to do so pursuant to
CPL 440.10. Moreover, it should be noted that the assessment of points to a defendant's
driver's license is not within the province of the court, but, rather, the Department of
Motor Vehicles (see Regulations of the Commissioner of the Department of
Motor Vehicles [15 NYCRR] § 131.2; People v Youngelman, 52 Misc 3d 136[A], 2016 NY Slip
Op 51050[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v
Secara, 2002 NY Slip Op 50531[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2002]). 

Accordingly, the order is reversed, defendant's motion to vacate the three judgments
of conviction is denied, and the judgments of conviction are reinstated.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022